FILED & JUDGMENT ENTERED
David E. Weich

Nov 03 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERNDISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>Henry Williams, Jr.,<br><br>          Debtor.<br><br>Address: 18137 Sunset Cove Lane<br>         Cornelius, NC    28031<br><br>Social Security No. XXX-XX-7808 | Chapter    11<br>Case No.   08-31737 |

## ORDER LIFTING THE AUTOMATIC STAY

THIS MATTER comes on for hearing on October 28, 2008, at 9:30 a.m. before the undersigned United States Bankruptcy Judge after notice to all parties, upon Infiniti Financial Services', a division of Nissan Motor Acceptance Corporation ("NMAC") Motion for Relief from Automatic Stay, filed as amended on September 18, 2008, and Debtor's Response, filed September 26, 2008, to permit NMAC to foreclose NMAC's security interest with regarding motor vehicle collateral owned by Debtor, and

IT APPEARING to the Court that Debtor filed the Chapter 11 bankruptcy petition on August 18, 2008, and

IT FURTHER APPEARING to the Court that on or about January 19, 2006, Debtor purchased under the terms of a Retail Installment Sales Contract ("Retail Contract") a 2005 Infiniti QX56, Vehicle Identification Number 5N3AA08A35N812422 ("Motor Vehicle"), and that pursuant to the terms of the Retail Contract and notation of lien on the Certificate of Title, NMAC is the secured creditor and first lienholder of the Motor Vehicle, and

IT FURTHER APPEARING to the Court that Debtor is presently in default on monthly installment payments and is now due for the June 19, 2008, installment and all months thereafter; and that as of September 8, 2008, the total arrearage due NMAC is in the amount of $2,148.44, and

IT FURTHER APPEARING to the Court that Debtor is without equity in the Motor Vehicle for the reason that the fair market value of the Motor Vehicle is less than the balance Debtor owes NMAC, and

IT FURTHER APPEARING to the Court that NMAC is without adequate protection of its security interest in the Motor Vehicle, Debtor has continued to use the Motor Vehicle, and such continued use of the Motor Vehicle will result in further depreciation, injury, and loss to NMAC. As of September 8, 2008, Debtor owes NMAC the payoff of $33,950.37, and

IT FURTHER APPEARING to the Court that Debtor's attorney announced in open Court that Debtor did not oppose lifting of the automatic stay, and

IT FURTHER APPEARING to the Court that for cause shown, relief from automatic stay should be allowed;

**NOW, THEREFORE, IT IS ORDERED** that the automatic stay is lifted to permit

NMAC to recover the Motor Vehicle (if applicable) and foreclose its security interest in accordance with the Retail Contract and applicable non-bankruptcy law. Debtor is ordered to voluntarily surrender the Motor Vehicle to NMAC and immediately advise NMAC upon demand of the location of the Motor Vehicle and the name, address and telephone number(s) of any third party in possession. If a surplus results from the sale of the Motor Vehicle, over and above foreclosure costs and payment of the liens described in this Motion, the surplus shall be paid to Debtor. Notwithstanding Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, lifting of the Automatic Stay is immediate and not stayed upon entry of this Order. This Court retains jurisdiction over this matter should further order(s) be necessary to enforce the terms of this order.

This Order has been signed
electronically. The Judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court